IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:06-CR-92-1-BO

| | |
|---|---|
| JOSE WILLIAM ESCOBAR-PACHECO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Respondent. )<br>)<br>_____ ) | O R D E R |

This matter is before the Court on Petitioner's Motion for Counsel and the Government's Motion to Dismiss. Petitioner's Motion is DISMISSED and the Government's Motion is GRANTED. Alternatively, Petitioner's Motion is DENIED.

## FACTS

On November 21, 2006, Petitioner pled guilty to conspiracy to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846. On March 20, 2007, the Court sentenced petitioner to 71 months confinement.

Petitioner filed a direct appeal of his conviction with the Fourth Circuit. The Fourth Circuit dismissed the appeal and issued a mandate on August 8, 2007.

On March 11, 2008, Petitioner filed his first motion to vacate under 28 U.S.C. § 2255. On August 20, 2008, the Court dismissed Petitioner's first § 2255 motion. Petitioner appealed that

dismissal. The Fourth Circuit dismissed that appeal and issued a mandate on September 19, 2009.

On August 23, 2010, Petitioner filed a letter asking the Court to appoint counsel so that he could challenge his conviction pursuant to Supreme Court case Padilla v. Kentucky, 130 S. Ct. 1473 (2010). In Padilla, the Supreme Court held that a criminal defense attorney must advise a non-citizen client of any deportation consequence of a guilty plea; failure to do so would result in a claim for constitutionally deficient counsel.

## DISCUSSION

### Dismissing Petition for Lack of Jurisdiction

The Defendant' Motion is dismissed as a successive 28 U.S.C. § 2255 Motion. The Court lacks jurisdiction to hear Petitioner's § 2255 because he has failed to secure permission from the Fourth Circuit Court of Appeals to file this petition.

The Fourth Circuit has held that courts must classify pro se pleadings from prisoners according to their contents, regardless of the label given in the caption. See United States v. Blackstock, 513 F.3d 128, 131 (4th Cir 2008). Additionally, second or successive § 2255 petitions are prohibited unless the petitioner has secured permission from the appropriate court of appeals to file the petition. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

Petitioner motioned for appointed counsel so that he can attack his conviction or sentence through the Supreme Court decision, Padilla v. Kentucky, 130 S. Ct. 1473 (2010). As this motion seeks post-conviction relief, it should be viewed as a petition under 28 U.S.C. § 2255. This is Petitioner's second § 2255 petition and he has not secured permission from the Fourth Circuit to re-file. Thus, the Court has no jurisdiction to hear his Motion.

2

Case 7:06-cr-00092-BO   Document 57   Filed 05/06/11   Page 2 of 4

## Alternatively Denying Motion for Failure to Show Good Cause

Alternatively, even if the Court were to have jurisdiction to hear Petitioner's Motion, the Court denies the Motion; Petitioner has failed to show good cause to appoint counsel as he did not plausibly allege that the Padilla holding applied to him.

First, it is unlikely that Padilla is retroactive on collateral review. While no Court of Appeals has decided this issue, the Fourth Circuit has stated in dicta in an unpublished decision that "nothing in the Padilla decision indicates that it is retroactively applicable to cases on collateral review." United States v. Hernandez-Monreal, 404 Fed.Appx. 714, 715, n.* (4th Cir.2010) (citation omitted). District Courts have been split on Padilla's retroactively, but the two district courts to decide the issue in the Fourth Circuit have found it not retroactive. Mendoza v. United States, --- F.Supp.2d ----, No. 1:01cr214, 2011 WL 1226475 (E.D.Va., March 24, 2011); Doan v. United States, ―― F.Supp.2d ――, no. 1:08cv958, 2011 WL 116811 (E.D.Va. Jan.4, 2011).

Even assuming that Padilla was retroactive, Petitioner has not alleged any factual basis to show that Padilla applies to him. A Padilla claim requires adherence to the Strickland v. Washington two-pronged inquiry: a Petitioner must allege 1) that his counsel's representation fell below an objective standard of reasonableness, and 2) that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Padilla, 130 S.Ct. at 1482.

Here, Petitioner did not allege a single fact indicating Padilla's relevance to his case. He did not state that his attorney failed to advise him of potential immigration consequences for his

3

guilty plea. Petitioner also did not state that he was otherwise ignorant of any potential immigration consequences when he pled guilty. Nor did Petitioner allege that he would have pled not guilty if he knew of potential immigration consequences. Indeed, Petitioner has not even alleged that his guilty plea resulted in adverse immigration consequences. Petitioner only states that the Padilla case "directly applies to me."

Thus Petitioner fails to show good cause for the Court to appoint counsel.

## CONCLUSION

Petitioner's Motion is DISMISSED and the Government's Motion is GRANTED. Alternatively, Petitioner's Motion is DENIED.

SO ORDERED, this ____ day of May, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE